45C01-2009-PL-000567

Lake Circuit Court

Filed: 9/1/2020 5:41 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | LAKE COUNTY SUPERIOR COURT |
| | )SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. |

CITY OF CROWN POINT, INDIANA,

    Plaintiff,

v.

CAPGROW HOLDINGS JV SUB V LLC,
PINNACLE TREATMENT CENTERS, INC.,
and PINNACLE TREATMENT CENTERS
IN-I, LLC,

    Defendants.

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF, PENALTIES, AND DAMAGES**

Plaintiff, the City of Crown Point, Indiana (the "City"), by counsel, for its Complaint for Injunctive and Declaratory Relief, Penalties, and Damages against Defendants, CapGrow Holdings JV Sub V LLC ("CapGrow"), Pinnacle Treatment Centers, Inc. ("Pinnacle"), and Pinnacle Treatment Centers IN-I, LLC ("Pinnacle IN"), alleges and states as follows:

**THE PARTIES**

1. Crown Point, Indiana (the "City") is an Indiana municipality with its primary offices located at 101 North East Street, Crown Point, IN 46307.

2. CapGrow Holdings JV Sub V LLC ("CapGrow") is a Delaware limited liability company with its primary place of business located at 320 West Ohio Street, Suite 650, Chicago, IL 60654. According to CapGrow's website, CapGrow is in the business of "providing safe, secure and appropriate housing for individuals with behavioral health needs." It "[focuses] on purchasing existing homes and custom building new homes for service providers nationwide. In return, [its] partners lease the homes back from [CapGrow] at an affordable rate and for a length of time that meets their operational needs."

3. Upon information and belief, Pinnacle Treatment Centers, Inc. is a Delaware corporation with its primary place of business located at 1317 Route 73, Suite 200, Mt. Laurel, NJ 08054.

4. Upon information and belief, Pinnacle Treatment Centers IN-I, LLC is a limited liability company authorized to do business in Indiana, with Pinnacle Treatment Centers, Inc. as its sole member. Pinnacle Treatment Centers, Inc. and Pinnacle Treatment Centers IN-I, LLC are collectively referred to herein as "Pinnacle."

5. According to Pinnacle's website, Pinnacle is "one of the nation's leading providers of quality treatment for alcohol and substance use disorders." Pinnacle operates treatment centers at 8955 Broadway and 201 West 89th Avenue in Merrillville, IN (the "Treatment Facilities").

## BACKGROUND FACTS

6. CapGrow recently acquired the residential property located at 1741 East 106th Place in Crown Point Indiana (the "Home"). The Home is located within the Waterside Crossing subdivision.

7. Upon information and belief, Pinnacle is leasing the Home from CapGrow and utilizing the Home as temporary lodging for some of the patients at its Treatment Facilities.

8. Under the Crown Point Zoning Ordinance (the "Zoning Code"), the Home is zoned R-1.

9. Section 150.14 of the Zoning Code states, "(A) Districts designated for residential use, 'R-1,' 'R-2,' and 'R-3,' are limited to dwellings and public or semi-public uses which are normally associated with residential neighborhoods. The only uses permitted in the residential districts are those which would not detract from the residential character of the neighborhood. The purpose of these 3 districts is to create an attractive, stable, and orderly residential

environment. However, the families per dwelling and the lot and yard requirements are different in the 3 districts to provide for the various housing needs and desires of the citizens."

10. Under Section 150.18 of the Zoning Code: "The permitted uses for each district are shown on Table A following [Section] 150.19. The uses that are listed for the various districts shall be according to the common meaning of the term or according to definitions given in [Section] 150.02. Uses not specifically listed or defined to be included in the categories under [Sections] 150.10 through 150.23 shall not be permitted."

11. Table A following Section 150.19 in the Zoning Code lists the following uses as the only permitted uses in the R-1 District: 1. Single-family dwelling 2. Public and parochial schools 3. Public parks and playgrounds 4. Churches 5. Essential services 6. Accessory uses.

12. Under Section 150.02 of the Zoning Code, the following definitions are provided:

(a) "FAMILY." One or more persons occupying a single dwelling unit, provided that unless all members are related by blood or marriage, no such family contains more than five persons, but further provided that domestic servants employed on the premises may be housed on the premises without being counted as a family or families, or as family members.

(b) "RESIDENCE." A home, abode, or place where an individual is actually living at a specific point in time.

(c) "DWELLING." A structure or portion thereof which is used exclusively for human habitation.

(d) "DWELLING, SINGLE-FAMILY." A building containing one dwelling unit.

      (e)    "DWELLING, SINGLE-FAMILY DETACHED." A dwelling which is designed for and occupied by not more than one family, and surrounded by open space or yards, and which is not attached to any other dwelling by any means.

13. Under Section 150.99 of the Zoning Code: "It shall be unlawful to locate, erect, construct, reconstruct, enlarge, change, maintain, or use any structure or land in violation of any regulation in or any provisions of this chapter or of any regulation enacted hereunder by the Board of Zoning Appeals. The Board or the Plan Commission may institute a suit for a mandatory injunction directing the removal of a structure erected in violation of this chapter. Any police officer or code enforcement officer who witnesses a violation of the above is hereby empowered to effect the immediate removal of the offending structure and cite the offending owner of the structure and/or landowner. Any structure or use that violates this chapter shall be deemed to be a common nuisance and the owner of the structure or land shall be liable for maintaining a common nuisance. Any person who violates any provision of this chapter shall upon conviction be fined not less than $10 and not more than $300. Each day that the violation continues shall constitute a separate offense."

14. Upon information and belief, Pinnacle has 8 to 10 (and potentially more) non-related individuals staying at the Home at any given time.

15. By using the Home as temporary lodging for more than 5 unrelated patients, CapGrow (as the owner of the Home) and Pinnacle (as the apparent lessee of the Home) are in violation of the Zoning Code.

16. Neither CapGrow nor Pinnacle filed a petition for a use variance under the Zoning Code or sought any accommodation from the City with respect to the Zoning Code before acquiring or moving into the Home.

17. On or about May 18, 2020, the City issued a "Notice of Ordinance Violation" to CapGrow due to CapGrow's violation of the Zoning Ordinance. A true, accurate, and correct copy of the Notice of Ordinance Violation" is attached hereto as ***Exhibit A***.

18. Between May 18, 2020 and August 27, 2020 the City, through its counsel, worked with Pinnacle, through its counsel, and urged Pinnacle to file a petition for a use variance. A true, accurate, and correct copy of an August 27, 2020 letter from the City's counsel to Pinnacle's counsel is attached hereto as ***Exhibit B***.

19. Notwithstanding the City's efforts, Defendants failed to abide by the City's deadline to file the petition, and once filed, the petition did not meet all of the requirements for a complete and proper petition.

## COUNT I- VIOLATION OF ZONING ORDINANCE AND NUISANCE

20. The City incorporates by reference the foregoing paragraphs as though fully set forth herein.

21. The City brings this action pursuant to Indiana Code Sections 36-1-6-4 and 34-28-5-1, which authorize a municipal corporation to bring a civil action if a person violates an ordinance regulating or prohibiting the use of property.

22. The City also brings this action pursuant to Indiana Code Section 32-30-6-7, which authorizes an attorney of any city to bring a civil action to abate or enjoin a nuisance.

23. As set forth in the foregoing paragraphs, CapGrow (as the owner of the Home) and Pinnacle (as the apparent lessee of the Home), by using the Home as temporary lodging for

5

more than 5 unrelated patients, are in violation of the Zoning Code, including at least Sections 150.14, 150.18, 150.19, and 150.99.

24. As a result of these violations, under Section 150.99 of the Zoning Code, Defendants are liable for maintaining a common nuisance.

25. Defendants' violations of the Zoning Code also are offensive to the senses and interfere with the comfortable enjoyment of life or property, and therefore constitute a nuisance under Indiana Code Section 32-30-6-6.

26. The City has been damaged, and continues to be damaged, by these violations of the Zoning Code by Defendants.

27. The City is entitled to recover its damages for these violations, as well as all applicable fines and penalties, and attorneys' fees, from Defendants under the Zoning Code and Indiana Code Sections 36-1-6-4, 32-30-6-7, and 32-30-6-8.

## COUNT II- PERMANENT INJUNCTION

28. The City incorporates by reference the foregoing paragraphs as though fully set forth herein.

29. Indiana Code Section 36-1-6-4 authorizes a court to take any appropriate action, including issuing an injunction, where an ordinance regulating the use of property is violated.

30. Indiana Code Section 32-30-6-8 also authorizes a court to enjoin a nuisance.

31. A permanent injunction is appropriate here, as Defendants' above-described violations of the Zoning Code have caused, and continue to cause, irreparable injury to the City for which the City has no adequate remedy at law.

32. The public interest will be served by the issuance of a permanent injunction, as the City has a strong interest in enforcing its Zoning Code.

33. Defendants will suffer no harm by the issuance of an injunction here, as they will only be required to comply with their legal obligations under the Zoning Code.

34. Accordingly, the City seeks to permanently enjoin Defendants from operating the Home in violation of the Zoning Code.

## COUNT III- DECLARATORY JUDGMENT

35. The City incorporates by reference the foregoing paragraphs as though fully set forth herein.

36. As set forth above, despite the City's efforts over the last several months to encourage Pinnacle to file a petition for a use variance, Defendants have failed to timely or properly file a complete petition for a use variance and continue to operate the Home in violation of the Zoning Code.

37. Thus, the City further seeks a declaratory judgment that, by using the Home as temporary lodging for more than 5 unrelated patients, CapGrow (as the owner of the Home) and Pinnacle (as the apparent lessee of the Home) are in violation of the Zoning Code, and CapGrow and/or Pinnacle must submit a complete and proper use variance petition or a petition to rezone the Home to a zoning district that permits CapGrow's and/or Pinnacle's use of the Home.

## PRAYER FOR RELIEF

WHEREFORE, the City prays that this Court will grant the following relief:

A. Enter a permanent injunction enjoining, restraining, prohibiting, and preventing Defendants from operating the Home in violation of the Zoning Code;

B. Enter a declaratory judgment in favor of the City wherein this Court declares, decrees, and adjudges that CapGrow and/or Pinnacle must submit a complete and proper use variance petition or a petition to rezone the Home; and

C. Enter a judgment in favor of the City and against Defendants, award the City damages, all applicable fines and penalties, costs and attorneys' fees associated with bringing this action, and for all other appropriate relief.

Respectfully submitted,

ICE MILLER LLP

 /s/   Adam Arceneaux
Adam Arceneaux (#17219-49)
Eric J. McKeown (#27597-49)

*Counsel for Plaintiff, City of Crown Point, Indiana*

One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
adam.arceneaux@icemiller.com
eric.mckeown@icemiller.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2020, a copy of the foregoing was served upon the following, via U.S. Certified Mail, return receipt requested, postage prepaid:

      CapGrow Holdings JV Sub V LLC
      c/o The Corporation Trust Company, its Registered Agent
      Corporation Trust Center
      1209 Orange Street
      Wilmington, DE 19801

      Pinnacle Treatment Centers, Inc.
      c/o National Registered Agents, Inc., its Registered Agent
      1209 Orange Street
      Wilmington, DE 19801

      Pinnacle Treatment Centers IN-I, LLC
      c/o National Registered Agents, Inc., its Registered Agent
      334 North Senate Avenue
      Indianapolis, IN 46204

      /s/ *Adam Arceneaux*

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282
adam.arceneaux@icemiller.com

45C01-2009-PL-000567 Filed: 9/1/2020 5:41 PM Clerk
USDC IN/ND case 2:20-cv-00359-PPS-JPK Lake Circuit Court document 4 filed 09/01/20 page 10 of 11 Lake County, Indiana

EXHIBIT A

Crown Point Police Department

124 N. East Street

Crown Point, IN 46307

(219)-663-2131

NOTICE OF ORDINANCE VIOLATION(S):

INCIDENT #: 20CP06616

TIME: 11:00 AM

DATE: May 18, 2020

RESPONSIBLE OFFICER: Sheryl L. Laney #10

FULL NAME: CapGrow Holdings JV Sub V LLC.

ADDRESS: 320 W. Ohio Street Suite 650

CITY: Chicago, IL          ZIP: 60654

PHONE:

TYPE OF CALL: R-I Residential zoning district does not permit multi-family dwellings or use.

ORDINANCE #: 150.19

DATE OF FOLLOW UP: May 26, 2020

DESCRIPTION OF VIOLATION(S):

The property you own or control located at 1741 E. 106th Place, Crown Point, Indiana is in violation of city ordinance.

Immediate action is required to avoid citation(s). You have 7 days to comply with the city ordinance.

1

45C01-2009-PL-000567

EXHIBIT B
Lake Circuit Court

USDC IN/ND case 2:20-cv-00359-PPS-JPK   document 4   filed 09/01/20   page 11 of 11

Filed: 9/1/2020 5:41 PM
Clerk
Lake County, Indiana

# Ice Miller
LEGAL COUNSEL

One American Square | Suite 2900 | Indianapolis, IN 46282-0200

Chicago  Cleveland  Columbus  DuPage County, Ill.
Indianapolis  New York  Philadelphia  Washington, D.C.

August 27, 2020

WRITER'S DIRECT NUMBER: (317) 236-5952
DIRECT FAX: (317) 592-4720
EMAIL: Timothy.Ochs@icemiller.com

<u>Via e-mail</u>

Mr. Mark Crandley, Partner
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
e-mail address: Mark.Crandley@btlaw.com

  RE: Pinnacle Treatment Centers, Inc. ("Pinnacle")

Dear Mark:

  On behalf of the City of Crown Point, the Crown Point Board of Zoning Appeals and all related departments, commissions and boards (collectively, the "City"), the City agrees that it shall make no argument in any legal proceeding that the submission of a use variance petition for 1741 E. 106th Place, Crown Point, Indiana (the "Property"), prejudices or waives any right of Pinnacle or any other party for purposes of any litigation concerning the Property, including the right to argue that the use of the Property complies with the City's zoning ordinances or restrictive covenants.

  If you have any questions or wish to discuss this letter, please do not hesitate to contact me.

        Sincerely,

        ICE MILLER LLP

        Timothy E. Ochs

TEO/dlp

cc: Jason McNiel (via e-mail: Jason.McNiel@icemiller.com)
   Alex Kutanvski (via e-mail: alex@kutanovskilaw.com)

Ice Miller LLP                           icemiller.com

I\15627041.1