UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF CROWN POINT, INDIANA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-359-PPS-JPK |
| ) | |
| PINNACLE TREATMENT CENTERS, INC., ) | |
| *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Pinnacle Treatment Centers, Inc., Pinnacle Treatment Centers IN-I, LLC, and CapGrow Holdings JV Sub V LLC invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff the City of Crown Point, Indiana and Defendants must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants have alleged a sufficient amount in controversy. Defendants have also sufficiently alleged the citizenship of Plaintiff and Defendants Pinnacle Treatment Centers, Inc. and Pinnacle Treatment Centers IN-I, LLC. However, the allegations are insufficient as to the citizenship of Defendant CapGrow Holdings JV Sub V LLC.

The Notice of Removal states that Defendant CapGrow Holdings JV Sub V LLC is a "Delaware limited liability company with its primary place of business located at 320 West Ohio Street, Suite 650, Chicago. Its sole member is CapGrow Holdings JV LLC, which is [a] Delaware LLC." (Notice of Removal ¶ 7, ECF No. 1). These allegations are insufficient for the purpose of determining citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if a party is a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Given the importance of determining the Court's jurisdiction to hear this case, Defendants must sufficiently allege the citizenship of Defendant CapGrow Holdings JV Sub V LLC, as

2

outlined above. Therefore, the Court **ORDERS** Defendants Pinnacle Treatment Centers, Inc., Pinnacle Treatment Centers IN-I, LLC, and CapGrow Holdings JV Sub V LLC to **FILE**, on or before **November 2, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of CapGrow Holdings JV Sub V LLC.

So ORDERED this 19th day of October, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
